UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENAN BRAXTON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-3534 (ACR) |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' RELATED-CASE DESIGNATION**

Plaintiffs filed a notice in the above-captioned case (ECF No. 2) claiming that this action is related to another action under Local Civil Rule 40.5 because it "involves common issues of fact": *Hagans v. U.S. Parole Comm'n*, Civ. A. No. 25-1671 (ACR). The federal defendants (collectively, the "Parole Commission") object. These suits are brought by discrete plaintiffs, involve separate facts as to each plaintiff, and present very different legal challenges. In short, they do not involve the same fact issues, and this matter should be transferred to the Calendar and Case Management Committee for random reassignment.

**LEGAL STANDARDS**

The default rule in this district is that civil cases "shall be assigned to judges of this court selected at random" in the manner specified in the local rules. LCvR 40.3(a). This rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process." *Dale v. Exec. Off. of President*, 121 F. Supp. 2d 35, 37 (D.D.C.

2000) (quoting *Tripp*, 196 F.R.D. at 202). The related-case rule stands as a limited exception to the general rule of random assignment of cases in the District Court. *Id.*; *Tripp.*, 196 F.R.D. at 202. As the parties "seeking to avoid random assignment," Plaintiffs "bear[] the burden of showing that the cases are related under a provision of Local Civil Rule 40.5." *Judicial Watch, Inc. v. Rossotti*, Civ. A. No. 02-0928 (RCL), 2002 WL 31100839 at *1 (D.D.C. Aug. 2, 2002) (citation omitted); *accord United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). They must show that the cases either "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). "Scrupulous adherence to Local Rule 40.5 is important." *Trump v. Comm. on Ways & Means, U.S. House of Reps.*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019); *accord M.M.V. v. Barr*, Civ. A. No. 19-2773 (TJK), 2019 WL 10888831, at *3 (D.D.C. Sept. 25, 2019) (requiring random reassignment and recognizing "the strong preference courts in this District have shown in reserving the relatedness exception for only those circumstances where the relationship is 'certain' so as to ensure public confidence in the impartiality of the judiciary").

## ARGUMENT

This suit and *Hagans* share only one material common fact: the same defendants. Other than that, the suits are very different, and there is no lawful basis to deem them related.

In *Hagans*, the plaintiff alleges that he was unlawfully subject to an "automatic detention policy" and the Parole Commission did not "base its detention decision on any individualized determination about the allegations against Mr. Hagans or his personal circumstances." *Hagans* Compl. at 2. Hagans alleges that the Commission failed to "consider several enumerated factors in determining whether to jail someone pending their revocation hearing." *Id.* at 3.

This suit does not allege that the Commission has ignored factors, has an automatic detention policy, or the like. To the contrary, it alleges that the Commission does not exist anymore and may not "issue arrest warrants and incarcerate individuals." *Braxton* Compl. at 1.

"The common issues of fact test largely revolves around whether 'the Court will be required to make similar factual determinations in both cases.'" *Millard v. Gov't of D.C.*, Civ. A. No. 22-2672 (RCL), 2023 WL 2301927, at *2 (D.D.C. Mar. 1, 2023) (internal quotation marks omitted). "To determine whether similar factual determinations are required across both cases," courts "often look[] to whether" the cases "turn on [distinct] legal theories." *Id.* (citation omitted); *see also id.* at *3 (finding no common issues of fact in two cases because, though the two "challenges invoke the same legal rights, the legal theories still differ across the cases," and "similarity of a [legal] challenge, alone, is insufficient to establish common issues of fact").

Here, the plaintiffs are different in the two cases. The facts alleged in each case are deeply different; in one case, the Parole Commission allegedly failed to consider enumerated factors; in the other, the Parole Commission allegedly ceased to exist. The legal theories being presented in the two suits likewise are vastly different. In any event, the similarity of a legal challenge "is insufficient to establish common issues of fact." *Millard*, 2023 WL 2301927, at *2. In short, Plaintiffs cannot bear their burden of showing that this case relates to *Hagans*.

## CONCLUSION

Accordingly, *Hagans* and this suit are not related under LCvR 40.5(a)(3). This case should be sent to the Calendar and Case Management Committee for random reassignment.

Dated: October 3, 2025                    Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General
                                                Civil Division

By: /s/ Tiberius T. Davis
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Assistant United States Attorney

*Attorneys for the United States of America*