UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENAN BRAXTON, et al.

    *Plaintiffs-Petitioners,*

    v.

UNITED STATES PAROLE
COMMISSION, et al.

    *Defendants-Respondents*.

Case No. 25-cv-3534

**OPPOSITION TO NOTICE OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' RELATED CASE DESIGNATION**

Cases are related under Local Civil Rule 40.5 when they "involve common issues of fact." *Id.* The rule "only requires that related cases have 'common issues of fact,' not that the facts are 'identical.'" *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. Trump*, No. 25-cv-2445 (PLF), 2025 WL 2301989, at *5 (D.D.C. Aug. 11, 2025). That standard is easily met here.

The above-captioned case is related to *Hagans v. U.S. Parole Comm'n*, 25-cv-1671 because the factual allegations in both cases are the same: The United States Parole Commission is acting outside the authority Congress has granted it when it detains individuals on supervision for D.C. Code offenses. *Hagans* argues that Congress has not granted the Parole Commission statutory authority to detain individuals on supervised release for D.C. Code offenses pending revocation. *See Hagans*, ECF No. 12-1 at 15–17. This case presents an additional reason why the Parole Commission does not have such authority—on October 1, 2025, the Commission's repeal took effect, and it is no longer Congressionally authorized to detain individuals.

Defendants argue that the only "material fact" the two cases have in common is their Defendant. *See* ECF No. 11 at 2. That is wrong and based on a mischaracterization of the claims

in *Hagans*. Defendants note that *Hagans* concerns whether the Commission "fail[s] to consider enumerated factors" when automatically detaining everyone for whom it has decided to pursue a revocation hearing. ECF No. 11 at 2. That is indeed one of the claims in *Hagans*. But conspicuously absent from Defendants' characterization of *Hagans* is the first claim in that case: that the Commission lacks pre-revocation detention authority *entirely*. *See Hagans v. U.S. Parole Comm'n*, No. 25-cv-1671, ECF. No. 1, Complaint ¶¶ 94–97. That is precisely the fact that underlies this case.

Defendants themselves cite *Hagans* in their opposition brief in this case. ECF No. 12 at 10. That makes sense: Both cases involve the "common issue of the fact" of the Parole Commission detaining individuals on supervision for D.C. Code offenses at the D.C. Jail despite having no legal authorization to do so. They both involve the same harms related to unauthorized detention at the D.C. Jail. They both turn on the same statutory and legislative history whereby Congress granted, and repealed, authority to the United States Parole Commission. And they both involve classes comprised of individuals who are or will be detained by the Parole Commission at the D.C. Jail pending further action by the Commission. Indeed, a holding in this case that the Parole Commission is not statutorily authorized to act could completely moot the claims in *Hagans*. *See UHS of Delaware v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, No. MC 19-168, 2020 WL 13850731, at *1 (E.D. Pa. Jan. 21, 2020) (finding that "judicial economy favors transfer" when a "holding in one case would be dispositive of the other case").

Finally, judicial economy would be gained by the same judge presiding over both cases. *See Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016) (explaining the importance of the "interest of judicial economy" when designating cases as related). This Court has already delved into a complex statutory scheme that governs the Parole Commission and its authority to

detain individuals, along with that scheme's lengthy legislative history. Both cases involve questions about how that statutory scheme limits the Commission's detention authority over individuals on supervision for D.C. Code offenses. In other words, "the need for factual determinations related to the defendants' regulations and policies, and their administration of those regulations and policies, [] are common to both cases." *Singh*, 187 F. Supp. 3d at 157 (finding cases were properly designated as related). For all these reasons, *Braxton v. U.S. Parole Comm'n*, 25-cv-3534 and *Hagans v. U.S. Parole Comm'n*, 25-cv-1671 were properly designated as related cases.

DATED: October 3, 2025       Respectfully submitted,
Washington, D.C.

         */s/ Zoé Friedland*
         Hanna Perry (D.C. Bar No. 90003756)
         Zoé Friedland (D.C. Bar No. 1781910)
         Teressa Hamsher (D.C. Bar No. 90009447)
         Megan Yan (D.C. Bar No. 1735334)
         Public Defender Service for the District of Columbia
         633 3rd St. N.W.
         Washington, D.C. 20001
         Tel. 202-824-2198
         Fax 202-824-2093
         hperry@pdsdc.org
         zfriedland@pdsdc.org
         thamsher@pdsdc.org
         myan@pdsdc.org